THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKE ARMSTRONG LLC, et al., | CASE NO. C09-0250-JCC |
| Plaintiffs, | ORDER |
| v. | |
| SNOHOMISH COUNTY, | |
| Defendant. | |
| and v. | |
| FRIENDS OF LAKE ARMSTRONG WATERSHED ASSOCIATION, | |
| Intervenor Defendant. | |

This matter comes before the Court on the parties' cross-motions for summary judgment (Dkt. Nos. 38, 42). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby grants Defendant Snohomish County's motion for the reasons explained herein.

## I.   BACKGROUND

This case arises out of a dispute over a proposed development in rural Snohomish County. Plaintiffs Lake Armstrong LLC, Noah Israel, and Kay Crabtree sought approval for a subdivision on 80 acres near Lake Armstrong. They submitted an application for the

ORDER
PAGE - 1

development to the Snohomish County Department of Planning and Development Services ("PDS") on June 19, 2006. (Dkt. No. 42-3 at 3.) PDS began its review of the application as of that date but deemed the application insufficient for further review on August 14, 2006. (*Id.*) Plaintiffs resubmitted the application three times over the course of the following seven months, and each time PDS found the application insufficient within weeks. (*Id.*) Plaintiffs again resubmitted the application on May 23, 2007, and on June 11, 2007, PDS issued a Mitigated Determination of Non-Significance ("MDNS")—a threshold assessment that the proposed development would not have significant adverse environmental impacts. (*Id.*; Dkt. No. 40 at 4.)

Two weeks later, on June 25, 2007, owners of property near the proposed development appealed the MDNS under the State Environmental Policy Act ("SEPA"), RCW 43.21C.[1] (Dkt. No. 42-5.) The County Hearing Examiner held a combined hearing on the underlying application and the SEPA appeal, with eight hearing dates between late November 2007 and late April 2008. (Dkt. No. 32-1 at 3; Dkt. No. 40 at 5.) On September 17, 2008, the Hearing Examiner granted the SEPA appeal and denied Plaintiffs' application. (Dkt. No. 32-1 at 4; Dkt. No. 40 at 5.) Plaintiffs moved for reconsideration, and the Hearing Examiner issued a decision on November 6, 2008 that was slightly modified but arrived at the same result as the September 17 decision. (Dkt. No. 42-4.) Plaintiffs appealed the decision to the Snohomish County Council, which affirmed the Hearing Examiner's decision on January 7, 2009. (Dkt. No. 39 at 69-70.)

Plaintiffs initiated review of the County's decision on January 28, 2009 by filing a complaint against the County under the Land Use Petition Act ("LUPA"), RCW 36.70C, in Skagit County Superior Court. The complaint also included a claim under the "Appearance of Fairness" statute, RCW 42.56, and claims for damages under 42 U.S.C. § 1983 and RCW 64.40. (Dkt. No. 32-1 at 1-2.) The parties agreed to bifurcate the LUPA and Appearance of Fairness claims from the damages claims, and the County thereafter removed the damages claims,

---

[1] The SEPA appellants later coalesced into the group Friends of Lake Armstrong Watershed Association, Intervenor Defendant herein.

initiating the instant action. This Court stayed the removed matter at the parties' request so that the state court action could be resolved first. (Dkt. Nos. 7, 10.)

The County moved to dismiss the state court action in October 2010 on two general grounds, and Plaintiffs did not oppose the motion. (Dkt. No. 28, Ex. A.) The Superior Court granted the motion and dismissed the complaint with prejudice. (*Id.*, Ex. B.) This Court lifted the stay on Plaintiffs' unopposed motion, and both parties now move for summary judgment.

## II. DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact finder to find for the nonmoving party. *Id.* at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

### A. Section 1983

Plaintiffs' Amended Complaint first prays for damages under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' constitutional rights. (Dkt. No. 32-1 at 6-7.) To prevail in a § 1983 action, plaintiffs must show (1) acts by a defendant (2) under color of state law (3) depriving them of federal rights, privileges, or immunities, and (4) causing them damage. *Shoshone–Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994). Local governments may not be held liable on a *respondeat superior* theory under § 1983. Rather, a plaintiff must show that the implementation of the local government's policies or established customs inflicted the constitutional injury. *Monell v. N.Y. City Dep't of Soc. Services*, 436 U.S. 658, 708, 98 S. Ct. 2018 (1978). Local governments may also be held liable under § 1983 when "the individual who committed the constitutional tort was an official with final policy-making

authority" or when such an official "ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Plaintiffs appear somewhat at odds with themselves as to the basis for their claim of municipal liability against Snohomish County. Their Amended Complaint alleges that "Snohomish County has a de facto policy and/or custom of not following the timeliness provisions relating to project permits." (Dkt. No. 32-1 at 7.) In response to the County's motion, however, Plaintiffs allege that the Hearing Examiner unreasonably *deviated* from the normal procedures of her office in rendering her decision. (Dkt. No. 48 at 18.) Plaintiffs then attempt to merge the two arguments in stating, "the [Hearing Examiner] bears the responsibility for establishing a new policy for disregarding the 120-day deadline for issuing a notice of a final decision, and for dispensing with the previously existing 15-day time limit for the [Hearing Examiner] to render a decision." (*Id.* at 20.) This ambiguity notwithstanding, the Court is satisfied that Plaintiffs have shown that the County Council—an entity with final policymaking authority—ratified the actions of the Hearing Examiner in affirming her decision. Plaintiffs therefore have advanced an adequate basis for municipal liability against the County.

The issue then becomes whether there is a genuine issue of material fact as to Plaintiffs' claim that the County deprived them of their constitutional rights. The Court concludes that there is not, because the lawfulness of the County's actions in denying the Plaintiffs' application was litigated to finality in the state court action. Federal courts must give a state court judgment the same preclusive effect it would be given under the law of the state in which it was rendered. 28 U.S.C. § 1738; *Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850 (9th Cir. 1986). This is the case even for § 1983 cases and for administrative adjudications reviewed by state courts. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1177 (9th Cir. 1989). Under Washington law, a party asserting issue preclusion, or collateral estoppel, must establish that:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or

> in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wash. 2d 299, 307, 96 P.3d 957 (2004). The ultimate question is whether the party to be estopped had a full and fair opportunity to litigate the issue. *Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wash. 2d 255, 262, 956 P.2d 312 (1998).

The above requirements are met here. Plaintiffs' original state court complaint confirms the identity of issues presented in both proceedings. In support of their LUPA claim, Plaintiffs alleged that "the Hearing Examiner's untimely proceedings and untimely denial of Petitioners' preliminary plat application constituted unlawful procedure that did not follow the process prescribed by applicable ordinances and statutes." (Dkt. No. 1 at 10.) They further alleged that "the land use decision at issue and the procedures of the proceedings underlying the decision . . . were outside the authority of the Hearing Examiner making the decision because the decision was not issued within the time limitations imposed by statute and ordinance." (*Id.* at 11.) Likewise, in support of their § 1983 claim—both in the unbifurcated state court complaint and the Amended Complaint here—Plaintiffs allege that the County had a constitutional obligation to adjudicate applications and appeals in a timely manner, but that the County "has a de facto policy and/or custom of not following the timeliness provisions relating to project permits." (*Id.*; Dkt. No. 32-1 at 7.) Plaintiffs clarify in opposing summary judgment that their federal claim "arise[s] out of the unreasonable delays caused by the [Hearing Examiner's] blatant refusal to comply with the adopted development regulations codified in the Snohomish County Code." (Dkt. No. 48 at 18.) Thus, the timeliness of the Hearing Examiner's decision, and her compliance with statutes and code, are at the heart of both the LUPA claim and the § 1983 claim.

The remaining elements are plainly satisfied here. The state court action ended in a judgment on the merits in the County's favor—the County moved to dismiss the action on two grounds, and the court granted the motion, dismissing the LUPA claim with prejudice. (Dkt. No. 28 at 20.) That Plaintiffs, for whatever reason, elected not to file a response to the County's motion is immaterial. They had a full and fair opportunity to litigate the issues underpinning the

ORDER
PAGE - 5

LUPA claim before it was dismissed. Finally, given that Plaintiffs raised the issue of the Hearing Examiner's conduct before the state court, this Court sees no basis for concluding that the application of collateral estoppel would work an injustice here.

With all four elements satisfied, Plaintiffs cannot relitigate the issue of the timeliness of the Hearing Examiner's decision or her compliance with statutes or county code governing time limitations for issuing decisions. *See, e.g.*, *Thornton v. City of St. Helens*, 425 F.3d 1158 (9th Cir. 2005) (invoking collateral estoppel in concluding that property owners' previous, unsuccessful state court declaratory judgment action precluded due process claim under § 1983). The Court reaches this conclusion notwithstanding *Muffett v. City of Yakima*, 2011 WL 5417158 (E.D. Wash. 2011), to which both parties cite. In that case, the court held that the failure to file a timely LUPA petition does not mandate summary judgment on a plaintiff's § 1983 claim for denial of substantive due process. *Id.* at *5. According to the court, "to hold that failure to meet the LUPA deadline could bar a § 1983 claim would impose an exhaustion requirement on § 1983," contrary to established law. *Id.* at *4. Here, unlike in *Muffett*, Plaintiffs actually filed their LUPA petition, which was denied. Ruling that Plaintiffs' § 1983 claim likewise fails does not impose an exhaustion requirement, but rather recognizes that in this instance, the state court judgment in the County's favor must be given preclusive effect.

The Court therefore grants the County's motion for summary judgment on Plaintiff's § 1983 claim.

**B. RCW 64.40**

The same result must obtain for Plaintiffs' claim under RCW 64.40. That statute provides for an action for damages for property owners "to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law." RCW 64.40.020. LUPA, however, is the exclusive means of obtaining judicial review of land use decisions. RCW 36.70C.030(1). Although LUPA does not bar actions for monetary damages, Washington courts have been clear that "claims for damages

based on a LUPA claim must be dismissed if the LUPA claim fails." *Mercer Island Citizens for Fair Process v. Tent City 4*, 156 Wash. App. 393, 405, 232 P.3d 1163 (2010); *see also Asche v. Bloomquist*, 132 Wash. App. 784, 133 P.3d 475 (2006) (concluding that nuisance claim for damages that depended entirely on validity of LUPA claim was barred where plaintiffs did not file LUPA claim). As the *Muffett* court observed, "a cause of action under RCW 64.40.020 necessarily relies on the validity of the land use decision." 2011 WL 5417158 at *4.

The above authority forecloses relief here. There can be little question that Plaintiffs' claim under RCW 64.40 is based on their LUPA claim. The Amended Complaint seeks relief under RCW 64.40 due to the County's allegedly "arbitrary and capricious customs and policies relating to the failure to follow . . . state law and county ordinances relating to timely processing and deciding Master Applications." (Dkt. No. 32-1 at 7.) Thus, the same allegations underlie both the LUPA claim and the claim under RCW 64.40. The LUPA claim failed in state court, and Plaintiffs' claim under RCW 64.40 therefore must fail here. It stands to reason that Plaintiffs may not seek damages for unlawful County action when there has been no determination, under the statute that is the exclusive means for reviewing land use decisions, that the County acted unlawfully.

Alternatively, the claim under RCW 64.40 fails for the same reason that the § 1983 claim fails: all the requirements under Washington law for collateral estoppel are met, and this Court must give preclusive effect to the decision of the Skagit County Superior Court. Summary judgment in favor of the County is therefore proper.

### III. CONCLUSION

For the foregoing reasons, Defendant Snohomish County's motion for summary judgment (Dkt. No. 38) is GRANTED. Plaintiffs' motion for summary judgment (Dkt. No. 42) is DENIED. Plaintiffs' claims against the County are DISMISSED with prejudice.

//

//

ORDER
PAGE - 7

DATED this 22nd day of August 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8